[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 207.]

CINCINNATI BAR ASSOCIATION *v*. BORTZ.

[Cite as *Cincinnati Bar Assn. v. Bortz*, 1996-Ohio-270.]

*Attorneys at law—Misconduct—Public reprimand—Accepting employment, without client's consent after full disclosure, when attorney's judgment on client's behalf may reasonably be affected by attorney's own interests.*

(No. 95-1669—Submitted September 27, 1995—Decided January 10, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-12.

_____

{¶ 1} In a complaint filed on February 6, 1995, relator, Cincinnati Bar Association, charged that respondent, Lee J. Bortz of Cincinnati, Ohio, Attorney Registration No. 0001193, had violated, *inter alia*, DR 5-101(A) (accepting employment, without client's consent after full disclosure, where attorney's judgment on client's behalf may reasonably be affected by attorney's own interests). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on June 8, 1995.

{¶ 2} The parties stipulated to respondent's having violated DR 5-101(A) and to the following facts about the misconduct:

"1. * * * Respondent, as the attorney for Rena F. Myers, prepared her Last Will and Testament dated June 26, 1991 * * *;

"2. * * * [S]uch Last Will and Testament as prepared by Respondent, provided, *inter alia*, that Respondent was a beneficiary of a portion of Ms. Myers' residual estate and a contingent beneficiary of a portion of Ms. Myers' residual estate;

"3. * * * [E]xceptional circumstances justifying the preparation of the Last Will and Testament in which he was a beneficiary of a portion of her residual estate

did not exist, * * * Respondent is not a relative of Ms. Myers and Respondent did not insist that the Last Will and Testament of Rena F. Myers be prepared by another attorney;

"* * *

"5.  * * * [O]n October 28, 1994, Respondent irrevocably disclaimed any interest to which he may be entitled as a residual beneficiary, or contingent residual beneficiary, under the Last Will and Testament dated June 26, 1991 which he prepared for Rena F. Myers, which disclaimer was made after Respondent was notified of Relator's investigation into his conduct but which disclaimer was filed prior to the certification of the within Complaint by the Board of Commissioners on Grievances and Discipline;

"6.  That no prior formal complaints alleging misconduct have been filed against Respondent with the Board of Commissioners on Grievances and Discipline."

{¶ 3} Other evidence presented at the hearing established that respondent had represented Myers since 1965 and that his involvement in her affairs gradually increased over the years as her health declined.  No evidence suggested that respondent, who is seventy years old and has had his own health problems, had any opportunity to influence Myers due to her possible mental instability.  Moreover, at the time respondent prepared Myers's will, he had concluded that no funds would be left for the residual estate beneficiaries after payment of her bequests and the estate expenses.  Respondent apparently miscalculated, however, because at the time of Myers's death in June 1994, he estimated that he might have received as much as seventy thousand dollars under the June 1991 will he prepared.

{¶ 4} The panel found that respondent had violated DR 5-101(A), as stipulated.  In recommending a sanction for this misconduct, the panel considered respondent's advanced age, his prior unblemished record as an attorney, his service in government employment, his subsequent long career as a solo practitioner, and

his sincere remorse. The panel recommended that respondent be publicly reprimanded for his misconduct, as suggested by the parties.

{¶ 5} The board adopted the panel's report, including its findings of fact, conclusions of law, and recommendation.

_____

*Richard J. Ruebel, Hollis A. Moore III and Edwin W. Patterson III,* for relator.

*Helmer, Lugbill, Martins & Neff Co., L.P.A.*, and *James B. Helmer, Jr*., for respondent.

_____

*Per Curiam.*

{¶ 6} Upon review of the record, we concur in the board's finding of misconduct and its recommendation. Respondent is therefore publicly reprimanded for his violation of DR 5-101(A). Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., dissents.

_____

**WRIGHT, J., dissenting.**

{¶ 7} Regrettably, I must respectfully dissent. I recognize the mitigating factors in this case; nevertheless, I believe this court should be consistent in its treatment of this type of case. Accordingly, I would suspend Bortz for one year and stay six months of the suspension.

_____